UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

MICHAEL TOY,
on behalf of himself and all
others similarly situated,

        Plaintiff,

  v.                                      CASE NO. 18-CV-1341

WATER STREET BREWERY, INC.,
WSB-GRAFTON, INC.,
WSB OAK CREEK RESTAURANT LLC,
WSB-LAKE COUNTRY, INC.,
    and
ROBERT C. SCHMIDT, JR.,

        Defendants.

## COLLECTIVE ACTION COMPLAINT

### PRELIMINARY STATEMENT

1. This is a collective action brought by Plaintiff Michael Toy, on behalf of himself and all other similarly situated current and former employees who work or have worked as Servers for Water Street Brewery, Inc., WSB-Grafton, Inc., WSB Oak Creek Restaurant LLC, WSB-Lake Country, Inc., and/or Robert C. Schmidt, Jr. (collectively "Water Street Brewery"). At times since June 12, 2014, Plaintiff Toy and the putative class members have been employed as Servers by Water Street Brewery at its restaurants in Milwaukee, Oak Creek, Grafton, and/or Delafield, Wisconsin. Since that time, Water Street Brewery has paid Plaintiff Toy and the putative classes' members at a sub-minimum wage rate for each hour worked and

had common policies and/or practices resulting in Water Street Brewery's failure to pay proper rates for mandated minimum and/or overtime wages in violation of the Fair Labor Standards Act of 1938, as amended, ("FLSA").

2. Plaintiff Toy brings this action on behalf of himself and other similarly situated current and former Servers as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for purposes of obtaining relief under the FLSA for unpaid minimum wages, unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction under 28 U.S.C. § 1331 because this case presents federal questions brought under the FLSA.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this district and Water Street Brewery has substantial and systematic contacts in this district.

## PARTIES

5. Defendant Water Street Brewery, Inc. is a Wisconsin Corporation, which operates the Water Street Brewery Restaurant located in Milwaukee, Wisconsin. Water Street Brewery, Inc.'s registered agent is R.C. Schmidt Jr., located in Milwaukee, Wisconsin.

6. Defendant WSB-Grafton, Inc. is a Wisconsin Corporation, which operates the Water Street Brewery Restaurant located in Grafton, Wisconsin. WSB-Grafton, Inc.'s registered agent is R.C. Schmidt Jr., located in Milwaukee, Wisconsin.

7. Defendant WSB Oak Creek Restaurant, LLC is a Wisconsin Limited Liability Company, which operates the Water Street Brewery Restaurant located in Oak Creek, Wisconsin. WSB Oak Creek Restaurant, LLC's registered agent is R.C. Schmidt Jr., located in Milwaukee, WI 53202.

8. Defendant WSB-Lake Country, Inc. is a Wisconsin Corporation, which operates the Water Street Brewery Restaurant located in Delafield, Wisconsin. WSB-Lake Country, Inc.'s registered agent is R.C. Schmidt Jr., located in Milwaukee, Wisconsin.

9. Defendant Robert C. Schmidt, Jr. ("Schmidt") is an adult resident of Waukesha County in the State of Wisconsin. Defendant Schmidt is an owner of Water Street Brewery, Inc., WSB-Grafton, Inc., WSB Oak Creek Restaurant, LLC and WSB-Lake Country, Inc.

10. Defendant Schmidt has operational control of the restaurants operated by Water Street Brewery, Inc., WSB-Grafton, Inc., WSB Oak Creek Restaurant, LLC and WSB-Lake Country, Inc. and has control over relevant compensation aspects of Water Street Brewery's operations, pay practices, and policies that are at issue in this litigation. Schmidt can hire, fire, and discipline employees.

11. Defendants Water Street Brewery, Inc., WSB-Grafton, Inc., WSB Oak Creek Restaurant, LLC, WSB-Lake Country, Inc., and Schmidt are joint employers and will be collectively referred to hereinafter as "Water Street Brewery."

12. Joinder of Defendants Water Street Brewery, Inc., WSB-Grafton, Inc., WSB Oak Creek Restaurant, LLC, WSB-Lake Country, Inc., and Schmidt is proper pursuant to Fed. R. Civ. P. 20(a)(2) because Plaintiff Toy's and the putative classes' rights to relief are asserted against Water Street Brewery arising out of the same series of occurrences and common questions of law and fact.

13. Plaintiff Michael Toy (hereinafter "Toy") is an adult who resides in Ozaukee County in the State of Wisconsin. Toy's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A to and is made a part of this Complaint. Plaintiff Toy has worked for Water Street Brewery as a Server during the relevant statutory period.

14. Plaintiff Toy brings this action on behalf of himself and all other similarly situated employees in the FLSA Server Class, as authorized under the FLSA, 29 U.S.C. § 216(b). The **FLSA Server Class** is defined as follows:

> All persons who work or worked for Water Street Brewery as a Server at any time since June 12, 2014.

## GENERAL ALLEGATIONS

15. Plaintiff Toy and the FLSA Server Class work, or have worked, for Water Street Brewery as Servers since June 12, 2014.

16. While working as Servers for Water Street Brewery since June 12, 2014, Plaintiff Toy and the FLSA Server Class' primary job duties have included, but not been limited to, taking customers' food and drink orders, serving the customers' food and drink orders, and taking and processing payment from customers.

17. Since June 12, 2014, Plaintiff Toy and the FLSA Server Class have regularly processed customers' credit card payments on behalf of Water Street Brewery.

18. While employed by Water Street Brewery since June 12, 2014, Water Street Brewery paid Toy $2.33 per hour for the hours he worked as a Server under forty hours in a workweek.

19. Since June 12, 2014, Water Street Brewery has paid and continues to pay the FLSA Server Class at a sub-minimum wage rate at or around $2.33 per hour for hours worked as Servers under forty hours in a workweek.

20. At all times since June 12, 2014, Water Street Brewery claimed a tip credit for the difference between the sub-minimum wage hourly rates it paid to Plaintiff Toy and the FLSA Server Class and the mandated minimum wage rate.

21. Since June 12, 2014, Water Street Brewery has paid and continues to pay the FLSA Server Class at an overtime wage rate at or around $5.955 per hour for hours worked as Servers over forty hours in a workweek.

22. At all times since June 12, 2014, Water Street Brewery claimed a tip credit for the difference between the overtime wage hourly rates it paid to Plaintiff Toy and the FLSA Server Class and the mandated overtime wage rate.

23. Since June 12, 2014, Water Street Brewery has suffered or permitted Plaintiff Toy to work in excess of forty hours in various workweeks.

24. Since June 12, 2014, Water Street Brewery has suffered or permitted the FLSA Server Class to work in excess of forty hours in various workweeks.

25. Since June 12, 2014, Plaintiff Toy and the FLSA Server Class have customarily and regularly received tips while working as Servers at Water Street Brewery.

26. Since June 12, 2014, Water Street Brewery has required Plaintiff Toy and the FLSA Server Class to participate in a tip pool.

27. Since June 12, 2014, Water Street Brewery has taken control of a portion of the servers' tips after each shift.

28. Since June 12, 2014, Water Street Brewery, through its management, has distributed a portion of the money in the tip pool to employees who do not customarily and regularly receive tips.

29. During various workweeks since June 12, 2014, Water Street Brewery has required Plaintiff Toy and members of the FLSA Server Class to make payments to management from their tips for discarded coasters.

30. During various workweeks since June 12, 2014, Water Street Brewery has required Plaintiff Toy and members of the FLSA Server Class to make payments to management from their tips for discarded silverware.

31. During various workweeks since June 12, 2014, Water Street Brewery has required Plaintiff Toy and members of the FLSA Server Class to make payments to management from their tips for broken dishes.

32. During various workweeks since June 12, 2014, Water Street Brewery has required Plaintiff Toy and members of the FLSA Server Class to make payments to management from their tips for children's cups being used by non-customers.

33. During various workweeks since June 12, 2014, Water Street Brewery's payroll records have failed to indicate that the required taxes have been withheld each week from Plaintiff Toy and the FLSA Server Class' compensation.

34. Since June 12, 2014, Water Street Brewery has failed to notify Plaintiff Toy and the FLSA Server Class of the method and manner in which it would meet its minimum wage obligations to them as tipped employees.

35. Since June 12, 2014, Water Street Brewery has not explained to Plaintiff Toy and the FLSA Server Class that they are entitled to retain all tips except those collected pursuant to a valid tip pooling arrangement.

36. Since June 12, 2014, Plaintiff Toy and the FLSA Server Class have recorded the hours they work on a time keeping system integrated with Water Street Brewery's point of sale system.

37. Since June 12, 2014, Water Street Brewery has failed to pay Plaintiff Toy and the FLSA Server Class for breaks that were less than thirty minutes while Plaintiff Toy and the FLSA Server Class were punched out.

38. As a result of the foregoing conduct, Water Street Brewery has failed to pay Plaintiff Toy and the FLSA Server Class at least $7.25 per hour for all hours worked since June 12, 2014.

39. As a result of the foregoing conduct, Water Street Brewery has failed to pay Plaintiff Toy and the FLSA Server Class at a rate of one and one-half times their respective regular rates for all hours worked in excess of forty in a given workweek since June 12, 2014.

40. Water Street Brewery's conduct, as set forth in this complaint, was willful, dilatory, unjust, and in bad faith and has caused significant damages to Plaintiff Toy and the FLSA Server Class.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

41. Plaintiff Toy and the FLSA Server Class that he brings this action on behalf of are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Water Street Brewery's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked at the proper minimum wage and overtime rates. The claims of Plaintiff Toy stated herein are the same as those of the FLSA Server Class he seeks to represent.

42. Plaintiff Toy and the FLSA Server Class seek relief on a collective basis and challenge Water Street Brewery's policies and practices which lead and have led to FLSA minimum wage and overtime violations.

43. As a result of the above-alleged uniform pay practices, Water Street Brewery has failed to pay Plaintiff Toy and the FLSA Server Class the required minimum and overtime wages for all hours worked.

44. The FLSA Server Class is readily ascertainable. For purpose of notice and other purposes related to this action, their names, phone numbers, social security numbers, and addresses are readily available from Water Street Brewery. Notice can be provided to the FLSA Server Class via first class mail to the last address known to Water Street Brewery and through posting at Water Street Brewery's facilities in areas where postings are normally made.

### FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act of 1938 as Amended

45. Plaintiff Toy, on behalf of himself and the FLSA Server Class, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

46. Since June 12, 2014, Plaintiff Toy and the FLSA Server Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.* at all times while working for Water Street Brewery.

47. Since June 12, 2014, Water Street Brewery has been an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

48. Since June 12, 2014, Water Street Brewery, Inc. has been an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

49. Since June 12, 2014, WSB-Grafton, Inc. has been an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

50. Since June 12, 2014, WSB Oak Creek Restaurant LLC has been an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

51. Since June 12, 2014, WSB-Lake Country, Inc. has been an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

52. Since June 12, 2014, Water Street Brewery has been and/or is an employer of Plaintiff Toy and the FLSA Server Class as provided under the FLSA.

53. As a result of the above alleged practices, Water Street Brewery violated the FLSA by failing to account for and compensate Plaintiff Toy and the FLSA Server Class at the proper minimum wage for each hour they worked each workweek.

54. As a result of the above alleged practices, Water Street Brewery violated the FLSA by failing to account for and compensate Plaintiff Toy and the FLSA Server Class at the proper overtime rate for hours worked in excess of forty hours per workweek.

55. As a result of the above alleged practices, Water Street Brewery violated the FLSA by failing to meet the requirements to pay a sub-minimum wage.

56. Plaintiff Toy and the FLSA Server Class are entitled to damages equal to the mandated minimum wage and overtime premium pay within the three years

preceding the date of filing of this Complaint, plus periods of equitable tolling because Water Street Brewery acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

57. Water Street Brewery's failure to properly compensate Plaintiff Toy and the FLSA Server Class was willfully perpetrated and entitles Plaintiff Toy and the FLSA Server Class to an extended three-year statute of limitations pursuant to 29 U.S.C. § 255(a).

58. Water Street Brewery's failure to properly compensate Plaintiff Toy and the FLSA Server Class was in bad faith and entitles Plaintiff Toy and the FLSA Server Class to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and overtime premium pay described above pursuant to 29 U.S.C. § 216(b).

59. Alternatively, should the Court find that Water Street Brewery did not act in bad faith in failing to pay minimum and overtime premium wages, Plaintiff Toy and the FLSA Server Class are entitled to an award of pre-judgment interest at the applicable legal rate.

60. Pursuant to FLSA, 29 U.S.C. § 216(b), Plaintiff Toy and the FLSA Server Class are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting this action for unpaid minimum wages and overtime wages.

# REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Toy, on his own behalf and on the behalf of all members of the FLSA Server Class request the following relief:

a) An order designating this action as a collective action on behalf of the FLSA Server Class and issuance of notices pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

b) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

c) An order finding that Water Street Brewery violated the FLSA's minimum wage and overtime provisions;

d) An order finding that these violations were willful;

e) Judgment against Water Street Brewery in the amount equal to Plaintiff Toy and the FLSA Server Class' unpaid wages at the applicable minimum wage and overtime rates;

f) An award in the amount of all liquidated damages as provided under the FLSA or, if the Court finds that liquidated damages are not appropriate in this matter, an award of pre-judgment and post-judgment interest;

g) An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

h) Such further relief as the Court deems just and equitable.

Dated this 30th day of August, 2018.

    Respectfully submitted,

**s/ Summer H. Murshid**
Summer H. Murshid
Bar Number 1075404
Larry A. Johnson
Bar Number 1056619
Timothy P. Maynard
Bar Number 1080953

Page 12 of 13

Case 2:18-cv-01341-PP   Filed 08/30/18   Page 12 of 13   Document 1

Attorneys for Plaintiff

**Hawks Quindel, S.C.**
222 East Erie, Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
E-mail: ljohnson@hq-law.com
       smurshid@hq-law.com
       tmaynard@hq-law.com